AO 247 (Rev. 03/19)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)          Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
## for the
### District of Montana

| | |
|---|---|
| United States of America<br>v.<br>Cynthia Rae Pruett | )<br>)<br>)  Case No: CR 23-39-BLG-SPW<br>)  USM No: 16177-091<br>) |
| Date of Original Judgment: 09/22/2023<br>Date of Previous Amended Judgment:<br>*(Use Date of Last Amended Judgment if Any)* | )<br>)<br>_____<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
   ☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant seeks a sentence reduction under the retroactive application to the criminal history rules in Part A of Amendment 821 to the United States Sentencing Guidelines. (*See* Doc. 157.) Part A limits the overall criminal history impact of "status points" for offenders who committed the instant offense while under a criminal justice sentence. See USSG Ret. App. A & B, Sub. 1 Amendment 821 "Reasons for Amendment" (Nov. 1, 2023). "A defendant is ineligible for a sentence reduction if the relevant amendment does not have the effect of lowering the defendant's applicable guideline range." *United States v. Mercado-Moreno*, 869 F.3d 942, 949 (9th Cir. 2017); USSG §1B1.10(a)(2)(B) (2023).

Here, Defendant's prior convictions resulted in a subtotal criminal history score of nine, and because Defendant committed the instant offense while under a criminal justice sentence, she received two "status points," resulting in a total criminal history score of 11. (PSR ¶¶ 47–49.) Although Defendant would only receive one status point under the current guidelines, a total criminal history score of 10 would still result in a criminal history category of V. *See* USSG Ch.5, Pt.A, Sentencing Table (showing that criminal history category V includes all defendants with 10, 11, or 12 total criminal history points). Therefore, Defendant is ineligible for a sentence reduction because Amendment 821 "does not have the effect of lowering the defendant's applicable guideline range." *Mercado-Moreno*, 869 F.3d at 949. Because Defendant is ineligible for a sentence reduction under the retroactive application of Amendment 821, her motion should be denied.

Except as otherwise provided, all provisions of the judgment dated  9/22/2023  shall remain in effect.
**IT IS SO ORDERED.**

Order Date:  3/13/2024                         _____
                                                                    *Judge's signature*

Effective Date:  _____             Susan P. Watters, U.S. District Judge
         *(if different from order date)*                            *Printed name and title*