IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>CYNTHIA RAE PRUETT,<br><br>Defendant/Movant. | Cause No. CR 23-39-BLG-SPW<br>CV 24-36-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Cynthia Rae Pruett's motion to vacate, set aside, or correct her sentence, pursuant to 28 U.S.C. § 2255. Pruett is a federal prisoner proceeding pro se.

**I. Preliminary Review**

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary

1

answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On April 6, 2023, a grand jury indicted Pruett on three counts: one count of conspiracy to possess with intent to distribute controlled substances, a violation of 21 U.S.C. § 846 (Count 1), one count of possession with intent to distribute controlled substances, a violation of 21 U.S.C. § 841(a)(1) (Count 2), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *See* Indictment (Doc. 2). Assistant Federal Defender Evangelo Arvanetes was appointed to represent Pruett. (Doc. 15.)

On May 3, 2023, Pruett moved to change her plea. (Doc. 43.) A hearing took place on May 24, 2023, before U.S. Magistrate Judge Timothy Cavan. (Doc. 53.) At the hearing, Pruett pled guilty to Count 2 of the Indictment.

A presentence report was prepared. At sentencing on September 21, 2023, Counts 1 and 3 were dismissed on the motion of the United States. Based on a total offense level of 35 and a criminal history category of V, Pruett's advisory guideline range was 262 to 327 months. To fulfill the sentencing objectives of 18 U.S.C. § 3553(a), the Court departed downward to a custodial sentence of 183 months, to be followed by a five-year term of supervised release. *See* Minutes

(Doc. 84); Judgment (Doc. 86) at 2-3.

Pruett waived the right to appeal her sentence in the plea agreement. (Doc. 46 at 7.) Pruett did not appeal. She timely filed her § 2255 motion on March 18, 2024. *See* 28 U.S.C. § 2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

### III. Claims and Analysis

#### A. Legal Standard

"A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States [...] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A prisoner must allege a constitutional, jurisdictional, or otherwise "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979). In contrast, "[e]rrors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255." *United States v. Wilcox*, 640 F. 2d 970, 973 (9th Cir. 1981).

#### B. Ineffective Assistance of Counsel

Pruett waived her right to collaterally attack her sentence if it was within or below the guideline range calculated by the Court. (Doc. 46 at 7.) Thus, because

her sentence was below the guideline range, she must assert an ineffective assistance of counsel argument in order to get the resentencing she seeks. *Daire v. Lattimore*, 812 F.3d 766, 767 (9th Cir. 2016).

Pruett claims that counsel was ineffective in various respects. These claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Pruett must allege facts sufficient to support an inference (1) that counsel's performance fell outside the wide range of reasonable professional assistance, *id.* at 687-88, and (2) that there is a reasonable probability that, but for counsel's unprofessional performance, the result of the proceeding would have been different, *id.* at 694.

Counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690–91. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689.

Pruett's claims all relate to her sentencing. For several reasons, she concludes that the performance of her counsel and his staff related to her sentencing was ineffective. First, Pruett claims counsel improperly edited her letter. She wrote a lengthy letter to the judge, which her counsel edited and shortened. She claims the parts of her letter that were removed resulted in the judge giving her a harsher sentence than she otherwise would have received. (Doc. 159 at 4; 13.) She also felt that the edited letter broke the trust she had with her counsel and caused her to review other aspects of his representation of her.

Second, Pruett was uncomfortable with the creation of a video that was submitted to the Court prior to sentencing. (Doc. 159 at 14., referring to Doc. 83.) Third, counsel's assistant failed to get transcripts and certificates from the many courses and programs Pruett took during her detention. (Doc. 159 at 14 – 15.) Fourth, counsel did not call on any of the four people who came to the sentencing and were ready and willing to speak on Pruett's behalf. (Doc. 159 at 15.) And finally, counsel did not speak persuasively on Pruett's behalf and did not prepare her to speak for herself. She feels he did not properly advocate for her.

She seeks new counsel and the opportunity to speak at her resentencing. (Doc. 159 at 16.)

Prior to Pruett's sentencing, the Court reviewed many pages of materials, including her letter, counsel's sentencing memorandum, letters of support, exhibits,

the video, and a psychological evaluation of the defendant. (Docs. 76, 77, 78, and 83.) These exhibits provided a complete picture of the difficulties Pruett had faced in her life, the efforts she had made towards rehabilitation, and the support she had from members of her community and even detention staff she had encountered. Counsel also allocated extensively and effectively on Pruett's behalf, pointing out her attempts at rehabilitation and her various struggles. Pruett herself spoke well on her own behalf, despite her assertion in her motion that she was unprepared to do so.

Counsel's choices to shorten her letter and not to call witnesses at sentencing were "reasoned tactical choice[s]" and did not constitute deficient performance. *See Gerlaugh v. Stewart,* 129 F.3d 1027, 1033 (9th Cir.1997) (attorney not ineffective for failing to call character witnesses where testimony had limited value in establishing mitigation); *see also, Gonzalez v. Knowles,* 515 F.3d 1006, 1015 (9th Cir. 2008). Counsel's performance was not unconstitutionally ineffective.

In addition, Pruett has not shown that she was prejudiced in any way by counsel's performance. She was sentenced substantially below the guideline range, despite the severity of her offense and her extensive criminal history. There is no reason to believe she would have received an even lower sentence had counsel done exactly as she wished. Her motion will be denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Pruett's claim does not meet even the relatively low threshold required for a COA. Pruett does not identify any respect in which counsel's performance was unreasonable. Nor does she identify any reasonable probability of a different outcome if counsel had done anything differently. There is no reason to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Pruett's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 159) is DENIED.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Pruett files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 24-36-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Pruett.

DATED this 12th day of July, 2024.

*Susan P. Watters*
Susan P. Watters
United States District Court